DECISION.
This appeal arises from a wrongful-termination suit filed by plaintiff-appellant Phyllis Basset against her former employers, Apex International Corp., Apex International Transit, Inc., and Apex Environmental, Inc. (collectively, "Apex"),[1] alleging that she had been fired in retaliation for filing a workers' compensation claim in contravention of Ohio public policy and of R.C. 4123.90, which specifically prohibits the retaliatory dismissal of an employee who has filed for workers' compensation. Following a jury trial, judgment was entered for Apex upon the jury's determination that Bassett's filing of a workers' compensation claim was not a determining factor in the decision to fire her. This appeal ensued.
Bassett presents three assignments of error. In the first assignment, Bassett contends that the trial court erred in admitting evidence relating to her previous lawsuit against another employee. In the second assignment, Bassett argues that the trial court erred in failing to give a curative instruction relating to her prior litigation. In the third assignment, Bassett maintains that the trial court erred in failing to allow cross-examination of Steven Schweitzer, president of Apex, concerning a prior inconsistent statement.
Bassett began working for Apex as an office manager and accountant in November 1998. She was hired to replace Leslie Hammer, an accountant who had been
employed by Apex as a temporary worker through another agency. In December, David Wesley, Bassett's supervisor, and Stephen Schweitzer, president of Apex, hired Hammer as their accountant.
On December 15, Schweitzer informed Basset that he had hired Hammer as the accountant, and that Bassett would be Hammer's assistant. Bassett and Hammer then switched offices. That same day, Bassett tripped and fell over some boxes at the office.
On December 28, Bassett went to a physician after experiencing pain that she associated with her fall at the office. Dr. Charlene Bach examined Bassett and diagnosed "lumbar sprain, acute, with neuritis lumbosacral neuritis."
On December 29, Bassett, acting on Dr. Bach's recommendation, notified Apex that she was not released to work and that she would not return to work for two weeks. Bassett then filed a workers' compensation claim.
On January 6, 1999, Bassett received a telephone call from Wesley. Wesley told Bassett that she was being terminated. According to Schweitzer, the decision to fire Bassett was made on December 15 at the company's Christmas party and was based on Bassett's poor work performance and her inability to get along with Hammer. Schweitzer explained that he and Wesley had waited until after the holidays to fire Bassett.
Initially, we address the third assignment of error, which relates to whether the trial court erred by not permitting cross-examination concerning an answer to an interrogatory for impeachment purposes. Decisions concerning the admission of evidence are within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.[2] An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, capricious, or unconscionable.[3]
Given that, we are presented with the issue of whether the trial court abused its discretion by not allowing Bassett to impeach Schweitzer with his initial answer to an interrogatory, in which Schweitzer averred that the decision to fire Bassett had been made on December 21, 1998. He later amended his response pursuant to Civ.R. 26, stating that the decision to fire Bassett had been made on December 15, 1998. At trial, Schweitzer again testified that the decision to fire Bassett had been made on December 15. During cross-examination, Bassett's counsel attempted to impeach Schweitzer with the discrepancy between his responses in the original and supplemental answers to the interrogatory. The trial court sustained Apex's objection and admonished the jury by stating the following:
 Ladies and gentlemen, at this time, you're instructed that interrogatories were filed and signed under oath. The rules provide that you can file supplemental interrogatories or answers to correct any answer that you have misstated. That was done in this case prior to trial.
 One of the purposes of the Rules of Civil Procedure is to prevent surprise to either party at trial and to avoid hampering either party in preparing its claim or defense at trial. To that effect, Civ.R. 26(E)(2) requires that a party who has responded to a request for response to supplement its answer when the party later learns that the response is incorrect. In essence, Civ.R. 26(E) provides opposing counsel with complete and accurate discovery regarding the substance of the evidence.[4]
But where a witness makes contradictory statements, it calls into question the veracity of the witness, regardless of the truth or falsity of either of the statements.[5] Evid.R. 613(B) governs the procedures for impeachment of an adverse witness with a prior inconsistent statement, regardless of its admissibility as substantive evidence. There are two types of self-contradiction impeachment recognized by Evid.R. 613: prior inconsistent statements and prior inconsistent conduct. Extrinsic evidence of a prior inconsistent statement or prior inconsistent conduct is generally admissible if two conditions are met. First, if the evidence is offered for the sole purpose of impeaching the witness, the proponent must lay the proper foundation and the witness must have the opportunity to explain or deny the inconsistent behavior or conduct. Second, the subject matter of the statement must constitute one of the following:
 A fact that is of consequence to the determination of the action other than the credibility of a witness;
 A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(A), 616(B) or 706;
 A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence.[6]
 In this case, Schweitzer testified that he had made the decision to fire Bassett on December 15, 1998, after discussing Bassett's work product with Wesley. Because the timing of the decision to fire Bassett was a critical issue in this case, and because Schweitzer had originally stated in an answer to an interrogatory that the decision to fire Bassett had been made at a later date, Bassett sought to impeach Schweitzer's credibility as to the timing of the decision to fire her. While the original answer to the interrogatory did not prove that the decision to fire Bassett had occurred after she had filed the workers' compensation claim, it could have demonstrated Schweitzer's interest in the litigation as provided in Evid.R. 616(A). Because Schweitzer is the president of Apex and the only witness who testified about the date when it had been decided that Bassett would be terminated, and because the evidence was not unduly prejudicial under Evid.R. 403(B), we hold that the trial court's decision not to allow impeachment testimony as to the original answer to the interrogatory was unreasonable and arbitrary. Therefore, we sustain the third assignment of error.
Given our disposition of the third assignment, it is unnecessary to address the remaining assignments of error set forth by Bassett, because they have been rendered moot.[7] The judgment of the trial court is, therefore, reversed, and the cause is remanded for further proceedings in accordance with this Decision and the law.
Gorman, P.J., Sundermann, and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Bassett had been employed by Apex International Transit, Inc., and Apex International Corp., which have since been succeeded by Apex Environmental, Inc.
[2] See State v. Sage (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343,348.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] See Shumaker v. Oliver B. Cannon Sons, Inc. (1986),28 Ohio St.3d 367, 370, 504 N.E.2d 44, 47.
[5] See State v. Davenport (July 30, 1999), Hamilton App. No. C-980516, unreported.
[6] Evid.R. 613(B)(2).
[7] See App.R. 12(A)(1)(c).